**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**STEVEN JAMES,**

          **Plaintiff,**

vs.                  1:18-CV-801
                     (MAD/ATB)
**JASON R. VOGEL,** *Detective in the Albany Police*
*Department* **and the CITY OF ALBANY,**

          **Defendants.**

_____

**APPEARANCES:**           **OF COUNSEL:**

**CORRIGAN, MCCOY LAW FIRM**    **JOSEPH M. MCCOY, ESQ.**
220 Columbia Turnpike
Rensselaer, New York 12144
Attorney for Plaintiff

**THE REHFUSS LAW FIRM, P.C.**    **STEPHEN J. REHFUSS, ESQ.**
40 British American Boulevard
Latham, New York 12110
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On July 9, 2018, Plaintiff commenced this Section 1983 action, alleging false arrest, malicious prosecution, denial of his right to a fair trial, denial of due process, cruel and unusual punishment, and *Monell* liability, based on an incident that took place on April 14, 2013 (hereinafter, the "April 14 Incident"). *See* Dkt. No. 1 at 11-13. The case is now ready for trial, and Plaintiff has moved *in limine* for an order preventing Defendants from introducing evidence regarding his criminal convictions. *See* Dkt. No. 42 at 1. Defendants opposed that motion on July

22, 2019.  *See* Dkt. No. 56 at 1-3.  For the following reasons, the motion *in limine* is granted in part and denied in part.

## II.  DISCUSSION

**A.     Plaintiff's Prior Convictions**

Counsel has informed the Court that Plaintiff has a long list of past convictions, which include (1) a 1991 felony conviction for robbery, criminal possession of a weapon, and possession of a loaded firearm; (2) a 2007 felony conviction for criminal sale of a controlled substance; (3) a November 2012 felony conviction for assault with a weapon and criminal possession of a weapon; and (4) a felony conviction from April 15, 2013 (the day after the alleged incident underlying this case), for attempted criminal possession of a weapon and assault.  Additionally, Plaintiff has several misdemeanor convictions.  Plaintiff is currently serving time for the April 15, 2013 conviction.

**B.     Legal Standard**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence.  *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).  A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds.  *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.,* No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998).  Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context.  *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).  Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as

"the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

**C.     Rule 404(b)**

Federal Rule of Evidence 404(b) provides that evidence of a crime "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  However, evidence of a prior criminal conviction may be admissible for other permissible purposes, subject to a Rule 403 analysis.  *See* Fed. R. Evid. 404(b)(2).  Thus, "[c]ourts may admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the [person's] character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice." *United States v. Barret*, 677 Fed. Appx. 21, 23 (2d Cir. 2017), cert. denied sub nom. *Scarlett v. United States*, 137 S. Ct. 2280 (2017) (quotation omitted).

"The Second Circuit evaluates Rule 404(b) evidence under an 'inclusionary approach' and allows evidence 'for any purpose other than to show a defendant's criminal propensity.'"  *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (quoting *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992)).  The Supreme Court and Second Circuit have created a four-part test to determine admissibility under Rule 404(b): (1) whether the prior act evidence was offered for a proper purpose; (2) whether the evidence was relevant to a disputed issue; (3) whether the probative value of the prior act evidence is substantially outweighed by its potential for unfair prejudice; and (4) whether the district court administered an appropriate limiting instruction.  *Id.* (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

Here, Defendants argue that they need to admit evidence of Plaintiff's prior felony convictions to explain to the jury how the New York State Police Forensic Lab was able to match

3

Plaintiff's DNA to the blood swab taken from the victim's vehicle, which it did by comparing that blood to the New York State DNA Index System. *See* Dkt. No. 56 at 1. Additionally, Defendants need to show that Plaintiff was incarcerated at the time he was arrested and arraigned on charges related to the April 14 Incident in order to defend against the false arrest claim. *See id.* at 2. Both of these are proper purposes to admit such evidence under Rule 404(b). *See Garcia*, 291 F.3d at 136; *see also Griffin v. Vill. of Southampton*, No. 04-cv-4052, 2018 WL 2272762, *2 (E.D.N.Y. May 17, 2018) (admitting evidence of a plaintiff's prior criminal history in an excessive force case "to establish the facts and circumstances known to the defendants at the time they interacted with the plaintiff"); *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (holding that police officers' testimony about their knowledge of the plaintiff's criminal past at the time they applied the alleged excessive force was relevant to the question of whether the officers' actions were reasonable and concluding that such testimony was "not so unfairly prejudicial as to warrant exclusion under Rule 403"). Here, evidence of Plaintiff's prior convictions establish the facts and circumstances known to Defendants at the time they decided to arrest and prosecute Plaintiff in relation to the April 14 Incident.

Moving to the second factor, the 1991, 2012, and April 15, 2013 convictions are all sufficiently similar to the conduct for which Plaintiff was convicted, which underlies the issues in this case. *See United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994)) (admitting evidence of other acts because sufficient similarity showed relevance); *Lombardo v. Stone*, No. 99-cv-603, 2002 WL 113913, *4 (S.D.N.Y. Jan. 29, 2002) ("Where evidence of other acts is offered for a proper purpose, it is only admissible if the acts are sufficiently similar to the alleged act"). The 2007 conviction, however, fails at this step, because criminal sale of a controlled substance is not

4

sufficiently similar to the April 14 Incident that led to Plaintiff's arrest and prosecution. Thus, the 2007 conviction is not relevant to a disputed issue in this case. *See Garcia*, 291 F.3d at 136.

Still, even if the evidence is offered for a proper purpose and is relevant, it is not admissible if its probative value is substantially outweighed by its potential for unfair prejudice. *See id.* Here, evidence about the 1991, 2012, and 2013 felony convictions may prejudice Plaintiff, because such evidence could distract the jury from his constitutional claims and cause them to judge Plaintiff based on those criminal convictions. *See United States v. Benedetto*, 571 F.2d 1246, 1248-49 (2d Cir. 1978) (noting in a criminal case that "[t]he danger is that once the jury is told of the defendant's other crimes, the jury will impermissibly infer that he is a bad man likely to have committed the crime for which he is being tried"). This is particularly true of the April 15, 2013 conviction for attempted criminal possession of a weapon and assault, which took place the day after the April 14 Incident. As for the convictions' probative value, in order to defend themselves in this civil lawsuit, Defendants need to be able to show the jury that Plaintiff's DNA was in the New York State DNA Index System because of his prior felony convictions, and that he was incarcerated at the time that he was arrested, prosecuted, and convicted for the April 14 Incident. At the same time, the 1991 conviction is so removed in time from the April 14 Incident as to lessen its probative value. Therefore, in order to strike the proper balance between the admissibility of Plaintiff's prior convictions under Rule 404(b) and their prejudicial effect, the Court holds that Defendants may introduce evidence related only to: (1) the fact that Plaintiff was convicted of the November 2012 and April 2013 felonies, (2) the dates of those two felony convictions, (3) the length of the prison sentences he received for each of those convictions, (4) the calendar dates for which Plaintiff was incarcerated pursuant to those sentences, and (5) the fact that Plaintiff is still incarcerated on a felony conviction. Defendants may not introduce the

5

statutory names of those crimes or evidence about any of Plaintiff's other criminal convictions, including the 1991 and 2007 felonies.

**D.     Rule 609**

Although evidence that is not admissible under Rule 404(b) may still be admissible as impeachment evidence under Rule 609, in this case, none of the excluded convictions are admissible for impeachment purposes.  First, none of Plaintiff's misdemeanors are crimes involving dishonesty or false statements, so they are inadmissible under Rule 609.  *See* Fed. R. Evid. 609.  Second, Plaintiff's felony conviction from 1991 is inadmissible because its probative value does not substantially outweigh its prejudicial effect.  *See* Fed. R. Evid. 609(b) (stating that, where over ten years have passed since the witness's past felony conviction or release from confinement for it, the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and . . . the proponent gives an adverse party reasonable written notice of the intent to use it . . .").  The 1991 conviction is highly prejudicial because knowledge that Plaintiff was convicted of robbery and criminal possession of a weapon could cause the jurors to evaluate his worth as a witness based on that conviction, regardless of its irrelevance to his constitutional claims.  *See e.g.*, *United States v. Agostini*, 280 F. Supp. 2d 260, 262 (S.D.N.Y. 2003) (excluding evidence of an assault victim's felony conviction where it may "serve to distract the jury from the crime charged").  Moreover, the conviction is twenty eight years old, which diminishes its probative value, *see Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997), and is a violent crime that bears marginally on his truthfulness or veracity, *see United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005).  Accordingly, Defendants may not introduce evidence of the 1991 conviction for impeachment purposes.

6

Finally, the Court reserves judgment on the admissibility of the 2007 conviction for the limited purpose of impeachment, because the parties did not inform the Court when Plaintiff was released from confinement for that crime.

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 42) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 27, 2019
Albany, New York

Mae A. D'Agostino
U.S. District Judge